- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CARLOS PRADO,					MEMORANDUM
							AND ORDER
        Petitioner,			06 CV 1502 (JG)

        v.

SUSAN A. CONNELL,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

A P P E A R A N C E S:

    CARLOS PRADO
        Reg. # 01R2841
        Oneida Correctional Facility
        6100 School Road
        Rome, New York 13442-4580
        Petitioner *Pro Se*

    CHARLES J. HYNES
        Kings County District Attorney
        Renaissance Plaza
        350 Jay Street
        Brooklyn, New York 11201
    By:   DIANE R. EISNER
        Assistant District Attorney
        Attorneys for Respondent

JOHN GLEESON, United States District Judge:

        Carlos Prado petitions for a writ of habeas corpus challenging his conviction in state court in Brooklyn, after a bench trial, of engaging in a course of sexual conduct against a child in the first degree and endangering the welfare of a child. For the reasons set forth below, the petition is denied.

BACKGROUND

A.   The Offense Conduct

The evidence at trial established that beginning in September of 1997, when his stepdaughter Sandra A. was eight years old, until about June 30, 2000, Prado engaged in a course of sexual conduct with her.  The sexual conduct, which occurred in Prado's home when his wife was attending P.T.A. meetings, included him putting his hands on Sandra's breasts and vagina and putting his mouth on her vagina and breasts.  There was also at least one occasion when Prado placed his penis in Sandra's mouth, and at least one occasion when he placed his penis in her vagina and between her buttocks.

On Sandra's eleventh birthday, in September of 2000, she told her mother that Prado had kissed her breasts and vagina.  Prado's wife stopped speaking to him, and a few days later she left for Florida, taking all four of her children with her.  They remained in Florida, at the home of a friend, for more than a month.

The day after Prado's wife returned to Brooklyn with the children, the Florida friend called the police and Detective John Sweeney of the Child Abuse Squad spoke to the family members later that day at the police station.  Prado waived his *Miranda* rights and confessed to sexually abusing Sandra over a period of time.  He wrote out his confession and later that night made a detailed videotaped statement.

B.   The Procedural History

1.   *The Trial Court Proceedings*

Prado was charged with engaging in a course of sexual conduct against a child in the first and second degrees and with endangering the welfare of a child.  He moved to suppress

his confessions after a hearing. The state court found that Prado had knowingly, intelligently and voluntarily waived his *Miranda* rights, and denied the motion.

At trial, Prado's wife testified that she left him at home with the children when she went to P.T.A. meetings during the school years from September 1997 through June 2000. She testified to Sandra's outcry (*i.e.*, her statement that Prado had kissed her breasts and vagina) on Sandra's eleventh birthday.

Prado's confessions were of course admitted into evidence. Detective Sweeney testified at trial that neither he nor any of the other detectives who were present at the precinct when Prado confessed had threatened him or told him what to write.

Sandra testified at trial, but she was reluctant to answer any questions about the alleged sexual abuse. After multiple attempts by the prosecutor and the court to get her to respond to questions, she denied that Prado had ever abused her and said that she had lied to Detective Sweeney. Sandra admitted having given contrary testimony in the grand jury, where she inculpated Prado in the charged conduct.

Prado testified at trial that he had not done the things to Sandra that he had repeatedly admitted doing. In essence, he claimed that Detective Sweeney and his colleagues intimidated him into making his admissions.

After the bench trial, the trial court observed that Prado could not be convicted on the strength of his confessions alone; corroboration was required by New York Criminal Procedure Law § 60.50. It found that such corroboration was provided by the evidence that Sandra was in the apartment with Prado while her mother attended P.T.A. meetings and the testimony about Sandra's outcry. The court did not credit Sandra's testimony that she had not

3

been touched by Prado. As mentioned, Prado was found guilty of engaging in a course of sexual conduct against a child in the first degree and endangering the welfare of a child. On May 31, 2001, the court sentenced him to concurrent terms of imprisonment of, respectively, seven years and one year on those counts of conviction.

    2.    *The Direct Appeal*

        (a)    *The Appellate Division*

On appeal, Prado asserted that (1) the evidence of his guilt was legally insufficient because his confessions had not been corroborated as required by C.P.L. § 60.50; (2) if the Appellate Division found his sufficiency argument unpreserved, it should conclude that trial counsel was ineffective in not raising it on a motion to dismiss; (3) he was denied a fair trial by the trial judge's badgering of Sandra in a fruitless effort to make her testify that Prado had sexually abused her and by directing the prosecutor to impeach Sandra's exculpatory testimony.

On November 17, 2003, a divided Appellate Division affirmed the conviction. *People v. Prado*, 767 N.Y.S.2d 129 (2d Dep't 2003). The court held that Prado had failed to preserve his claims of insufficiency and bias on the part of the trial judge. It also concluded that, in any event, both of those claims were without merit. Prado's confessions, the court held, had been sufficiently corroborated by evidence that Prado was the sole adult present at the times when the sexual contact with Sandra took place and by Sandra's mother's testimony about the outcry. The court further held that the trial judge had not exhibited bias and that he had not usurped the prosecutor's function. Two dissenting justices voted to reverse on the ground of judicial bias. They did not address the State's claim that defendant had not preserved that claim for appellate review. Leave to appeal to the New York Court of Appeal was granted by one of

the dissenting justices. 767 N.Y.S.2d (2d Dep't 2003) (McGinity, J.).

       (b)    *The Court of Appeals*

In the Court of Appeals, Prado argued that (1) the trial judge was biased and had inappropriately intervened at trial to help the prosecutor; and (2) trial counsel was ineffective in not preserving the claim that there was insufficient corroboration of his confessions to satisfy C.P.L. § 60.50.

On December 16, 2004, the Court of Appeals affirmed. It did not agree with the Appellate Division that trial counsel had not preserved the insufficiency claim. The court held that, "At the close of the evidence, defense counsel made a general motion to dismiss the counts charged, which the trial court denied. While this objection alone would not have been sufficient to preserve the issue for our review (*see e.g., People v. Gray*, 86 N.Y.2d 10, 652 N.E.2d 919, 629 N.Y.S.2d 173 (1995)), when coupled with the trial judge's specific findings as to corroboration, the question now on appeal was expressly decided by that court." *People v. Prado*, 4 N.Y.3d 725, 726 (2004). The court further found that Prado's judicial bias claim was unpreserved for appellate review.

Judge Robert S. Smith concurred in part and dissented in part. He agreed with the court that the insufficiency claim had been preserved for appellate review, and asserted that the court should therefore have addressed the merits of the claim. He expressed no view on that merits issue. 4 N.Y.3d at 726-27 (Robert S. Smith, concurring in part and dissenting in part). Judge George Bundy Smith dissented, asserting that trial counsel was ineffective for failing to move to dismiss on sufficiency grounds and that there had been insufficient corroboration of defendant's confessions to satisfy C.P.L. § 60.50. He further contended that the trial court had

5

exhibited bias against Prado and had assisted the prosecution in obtaining a conviction. 4 N.Y.3d at 726-31 (George Bundy Smith, dissenting). Prado's motion for reargument was denied. *People v. Prado*, 4 N.Y.3d 795 (2005).

3. *The § 440 Motion*

Earlier this year, Prado moved in state court to vacate his conviction pursuant to C.P.L. § 440.10 on the grounds that his confessions were coerced and his trial counsel was ineffective for various reasons. That motion was denied by the Supreme Court, Kings County on July 26, 2006. With respect to the first ground, the Supreme Court found as follows:

> Defendant claims that his confession was coerced by police who allegedly threatened him and made the conditions of his arrest so uncomfortable that he agreed, involuntarily, to give a statement.
>
> The claim is procedurally barred due to defendant's "unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him..." (C.P.L. § 440.10(2)(c)).
>
> Defendant's claim fails on the merits as well, since a Huntley hearing was conducted prior to trial and defendant had ample opportunity to question any police officer who was involved in the taking of his statements. The trial court found that the statements were made knowingly and voluntarily.

The court also rejected Prado's claims of ineffective assistance of counsel:

> Defendant contends that he was denied effective assistance of counsel due to defense counsel's failure to (1) object to judicial bias, (2) object to lack of corroboration of confession, (3) produce certain witnesses requested by defendant, (4) provide alibi notice, (5) advocate for his client, (6) submit important evidence to the trial court, (7) elicit allegations of coercion by police of the victim and her mother and (8) provide names of others who may have been with the victim at the time of the commission of the crimes so that defendant could establish an alibi.
>
> Defendant's claim of judicial bias was rejected by the Appellate Division, deciding that "the level of the trial court's involvement was fully

> warranted under the circumstances" (*People v. Prado*, 1 A.D.3d 533).
>
> The Court of Appeals concluded that the defendant's assertion that "his attorney failed to preserve an objection as to the lack of evidence corroborating his confession as required by CPL 60.50-[was] without merit" (*People v. Prado*, 4 N.Y.3d 725).
>
> Accordingly, these claims are procedurally barred since "the ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment..." (C.P.L. 440.10[2][a]).
>
> Regarding the remaining claims, defendant has failed to provide any evidence that would tend to support his claims or indicate the existence of exculpatory evidence, other than his own assertions. Defendant's own testimony that he babysat for the victim each time her mother attended P.T.A. meetings, negated the need for defense counsel to pursue an alibi defense.
>
> Defendant's claim that counsel was ineffective for failing to object to a lack of evidence corroborating his confession was found to be without merit by the Court of Appeals (*People v. Prado*, 4 N.Y.3d 725 at 726).
>
> The remaining claims of ineffective assistance are without merit. Defense counsel's failure to give alibi notice or call other witnesses was a trial strategy which counsel made in light of the existing information and evidence. Defendant has failed to adduce any colorable evidence to support his allegations.
>
> ... . Defendant's attorney was prepared for trial, made appropriate objections and effectively cross-examined witnesses. ...
>
> The court finds that the defendant's claims are without merit, or procedurally barred. According, the motion is denied.

Prado is currently seeking review of the denial of his § 440 motion in the Appellate Division.

4. *The Instant Petition*

In the instant petition, Prado attaches as the statement of his grounds for relief (1) a copy of the table of contents from appellate counsel's brief to the New York Court of Appeals; and (2) a complete copy of his § 440 motion.

7

DISCUSSION

A.   The AEDPA Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") narrowed the scope of federal habeas review of state convictions where the state court has adjudicated a petitioner's federal claim on the merits. *See* 28 U.S.C. § 2254(d). Under the AEDPA standard, the reviewing court may grant habeas relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Habeas relief is also warranted where the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(2).

The Supreme Court has interpreted the phrase "clearly established Federal law" to mean "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also Gilchrist v. O'Keefe*, 260 F.3d 87, 93 (2d Cir. 2001).

A decision is "contrary to" clearly established federal law, as determined by the Supreme Court, if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an "unreasonable application" of clearly established Supreme Court law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id*. "In other words, a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a

8

set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)).

However, there is "force" to the argument "that if a habeas court must extend a rationale before it can apply to the facts at hand then the rationale cannot be clearly established at the time of the state-court decision"; "[§] 2254(d)(1) would be undermined if habeas courts introduced rules not clearly established under the guise of extensions to existing law." *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004). The Supreme Court has concluded, however, that while "the difference between applying a rule and extending it is not always clear," "[c]ertain principles are fundamental enough that when new factual permutations arise, the necessity to apply the earlier rule will be beyond doubt." *Id*.

Under the "unreasonable application" standard set forth in *Williams*, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Gilchrist*, 260 F.3d at 93 (citing *Williams*, 529 U.S. at 411); *see also Yarborough v. Gentry*, 124 S. Ct. 1, 4 (2003) (per curiam) ("Where . . . the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable."); *Wiggins*, 539 U.S. at 520-21 (same). Interpreting *Williams,* the Second Circuit has added that although "[s]ome increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Gilchrist*, 260 F.3d at 93 (citing *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)).

9

The Supreme Court recently explained that the specificity with which the rule of law at issue is defined may affect whether the state court's determination was "unreasonable":

> [T]he range of reasonable judgment can depend in part on the nature of the relevant rule. If a legal rule is specific, the range may be narrow. Applications of the rule may be plainly correct or incorrect. Other rules are more general, and their meaning must emerge in application over the course of time. Applying a general standard to a specific case can demand a substantial element of judgment. As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations.

*Alvarado*, 541 U.S. at 664.

This standard of review applies whenever the state court has adjudicated the federal claim on the merits, regardless of whether it has alluded to federal law in its decision. As the Second Circuit stated in *Sellan v. Kuhlman*:

> For the purposes of AEDPA deference, a state court "adjudicate[s]" a state prisoner's federal claim on the merits when it (1) disposes of the claim "on the merits," and (2) reduces its disposition to judgment. When a state court does so, a federal habeas court must defer in the manner prescribed by 28 U. S. C. § 2254(d)(1) to the state court's decision on the federal claim -- even if the state court does not explicitly refer to either the federal claim or to relevant federal case law.

261 F.3d 303, 312 (2d Cir. 2001).

In addition, a state court's determination of a factual issue is presumed to be correct, and is unreasonable only where the petitioner meets the burden of "rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

> However, "even in the context of federal habeas, deference does not imply abandonment or abdication of judicial review . . . . A federal court can disagree with a state court's credibility determination and, when guided by AEDPA, conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence."

10

*Shabazz v. Artuz*, 336 F.3d 154, 161 (2d Cir. 2003) (ellipsis in original) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

B.  Prado's Claims

   1.  *Judicial Bias*

Prado asserts that he is entitled to habeas relief because the trial judge was biased against him. The Appellate Division rejected this claim on procedural grounds and on the merits, *see* 767 N.Y.S.2d at 130; the New York Court of Appeals agreed with the former ruling and did not address the merits. 4 N.Y.3d at 726. I reject the claim on both grounds.

Federal habeas review of a state prisoner's claim is prohibited if a state court judgment denying the claim is based on an "adequate and independent state ground." *Harris v. Reed*, 489 U.S. 255, 261 (1992); *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d. Cir.1995). A procedural default in state court is an adequate and independent ground barring federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 744, 750 (1991) (noting the state's interest in "channeling the resolution of claims to the most appropriate forum, in finality, and in having the opportunity to correct [their] own errors"); *see also Lee v. Kemna*, 534 U.S. 362, 376, 381 (2002) (noting the existence of a "small category" of "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question").

A defaulted claim will be considered by the court upon a showing of cause and prejudice. *See Coleman*, 501 U.S. at 750; *Teague v. Lane*, 489 U.S. 288, 298 (1989). A petitioner may establish cause by showing "'that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that some interference by officials . . . made compliance

11

impracticable.'" *Coleman*, 501 U.S. at 753 (ellipses in original) (internal quotation marks omitted) (quoting *Murray v. Carrier*, 477 U.S. 478, 492 (1986)). To satisfy the prejudice requirement, the alleged error must have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Torres v. Senkowski*, 316 F.3d 147, 152 (2d Cir. 2003) (internal quotation marks omitted). If the petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim, *i.e.*, "that he is actually innocent of the crime for which he has been convicted." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (citing *Schlup v. Delo*, 513 U.S. 298, 321 (1995)).

Prado has not attempted to show cause for his attorney's failure to preserve an objection to the conduct of the trial court, and no such cause is apparent from the record before me. Moreover, in light of the evidence of Prado's opportunity to commit the crime, the outcry of the victim and Prado's multiple confessions, it is plain that no miscarriage of justice would flow from a failure to entertain the claim.

Finally, the Appellate Division characterized the trial court's handling of the complaining witness as more "reassuring and cajoling ... than would have been permissible with a typical adult witness," but nevertheless "fully warranted under the circumstances," which included a reticent 11-year-old girl testifying about traumatic sexual abuse she herself had first reported and later testified about in the grand jury. 767 N.Y.S.2d at 130-31. That ruling cannot be characterized as an unreasonable application of the due process principles that underlie a criminal defendant's right to a fair trial. Thus, habeas relief is not warranted.

2. *The Sufficiency Claim*

Prado claims that he was denied the right to effective assistance of counsel when his trial attorney failed to challenge the sufficiency of the evidence corroborating Prado's confessions. The claim illustrates one difficulty with using, as Prado has, the table of contents from a state court brief as the grounds for habeas relief: depending on how the state court rules, the claim can become obsolete. Here, the New York Court of Appeals held that trial counsel had in fact made the challenge (or at least that the challenge counsel made, viewed together with the trial court's ruling, had preserved the issue). By rejecting the ineffective assistance claim but ignoring the merits, the Court of Appeals left intact the Appellate Division's holding that the evidence at trial was sufficient.

The state court having found the sufficiency claim to have been preserved, Prado's claim that counsel was ineffective in waiving it obviously fails. Though Prado's petition does not explicitly go on to challenge the *merits* decision on that sufficiency claim, I construe his papers to do so, and I reject that contention as well.

The essence of Prado's claim is the failure to comply with New York Criminal Procedure Law ("CPL") § 60.50, which states: "A person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed." Respondent argues that Prado's claim that the evidence fell short of complying with this provision of New York Law raises only a matter of state law, not a federal claim cognizable on habeas review. I need not resolve the petition on that ground. Even assuming that CPL § 60.50 engrafts another element onto the offense of conviction, that is, an additional obligation to prove (other than through Prado's confessions) that the offense of

13

conviction had in fact been committed, the evidence at trial was plainly sufficient to do so.

A petitioner "challenging the sufficiency of the evidence bears a very heavy burden." *Einaugler v. Supreme Court*, 109 F.3d 836, 840 (2d Cir. 1997) (internal quotation marks omitted). A state criminal conviction will be upheld if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In making this assessment, a court may neither "disturb the jury's findings with respect to the witnesses' credibility," *United States v. Roman*, 870 F.2d 65, 71 (2d Cir. 1989), nor "make credibility judgments about the testimony presented at petitioner's trial or . . . weigh conflicting testimony." *Fagon v. Bara*, 717 F. Supp. 976, 979 (E.D.N.Y. 1989) (citing *United States v. Zabare*, 871 F.2d 282, 286 (2d Cir. 1989)). Thus, under this "rigorous standard," a "federal habeas court faced with a record of historical facts that supports conflicting inferences must presume -- even if it does not affirmatively appear in the record -- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Wheel v. Robinson*, 34 F.3d 60, 66 (2d Cir. 1994) (quoting *Jackson*, 443 U.S. at 326).

In this case, the mother's testimony about the victim's outcry was admissible evidence under New York law that the abuse the young girl complained of had occurred. *See, e.g.*, *People v. McDaniel*, 81 N.Y.2d 10, 16 (1993).[1]

Accordingly, the state court's resolution of the merits of Prado's sufficiency claim was not an unreasonable application of federal law.

---

[1] I also note that, as a federal matter, the victim's grand jury testimony to the same effect would also have been admissible as substantive evidence of the crimes. *See* Fed. R. Evid. 801(d)(1)(A).

14

3. *The Voluntariness of the Confession*

By attaching a copy of his § 440 motion to his petition, and by referring to that motion (as well as to the table of contents of his brief to the Court of Appeals) as the grounds of his requested habeas relief, Prado had arguably asserted all his § 440 claims on this petition as well. Since his leave application to the Appellate Division, Second Department, is pending, those claims are unexhausted.[2]

I have considered the options available to a habeas court when a petition includes unexhausted claims, including the stay-and-abeyance procedure approved in *Rhines v. Weber*, 125 S.Ct. 1528, 1533-34 (2005), and I conclude that the claims at issue ought to be rejected on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

As the state Supreme Court recently found in denying Prado's § 440 motion, Prado's claim that his confessions were coerced is not only procedurally barred, but it flatly contradicts the trial's court's factual finding that his statements were made only after he "knowingly, intelligently and voluntarily waived his" *Miranda* rights. Wade Hearing Tr. (May 8, 2001), at 15; *see* memorandum Dated July 26, 2006 denying § 440 motion ("§ 440 Decision"), at 1-2. The claims that counsel was ineffective are all procedurally barred and at odds with the trial court's findings that trial counsel "was prepared for trial, made appropriate objections and

---

[2] I expressed to Prado at oral argument my understanding at the time -- based on the pendency of the claims in state court -- that they were not part of the instant petition. I now conclude that they were incorporated by reference by Prado when he appended his § 440 motion to the petition and wrote "see attached" when asked to state his grounds for relief. *See* Petition ¶ 13.

effectively cross-examined witnesses," *see* § 440 Decision at 3, and the conclusion that Prado's claims amount to nothing more than criticism of a trial strategy that did not produce an acquittal.

I agree with those findings and conclusions. Though Prado is of course free to continue to press his collateral attacks on his convictions in the Appellate Division, it is inconceivable to me that he would be entitled to federal habeas relief on them. Accordingly, no useful purpose would be served by either severing those claims from this petition or staying the petition pending the final outcome of the state proceedings.

## CONCLUSION

For the foregoing reasons, the petition is denied. As Prado has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue.

So Ordered.


John Gleeson, U.S.D.J.


Dated: October 11, 2006
      Brooklyn, New York